UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

FELESA ADAMS-ROBINSON,
    Plaintiff,

v.

EQUITYEXPERTS.ORG, LLC,
a Michigan limited liability company,
    Defendant.
_____

## COMPLAINT & JURY DEMAND

Plaintiff, Felesa Adams-Robinson, through counsel, Michigan Consumer Credit Lawyers, states the following claims for relief:

1. This is an action for damages, brought against a debt collector for violating the Fair Debt Collection Practices Act at 15 U.S.C. § 1692 et seq. ("FDCPA"), Michigan Collection Practices Act at M.C.L. § 445.251 et seq. ("MCPA") and the Michigan Occupational Code at M.C.L. § 339.901 et seq. ("MOC").

## JURISDICTION

2. This court has jurisdiction under the FDCPA. 15 U.S.C. § 1692k(d) and 28 U.S.C. §§1331, 1337.

3. This court may exercise supplemental jurisdiction over the related state law claims arising out of the same nucleus of operative facts which give rise to the Federal law claims, pursuant to 28 U.S.C. 1367.

## PARTIES

4. Plaintiff is a natural person residing in Pontiac, Oakland County, Michigan. Plaintiff is a "consumer" and "person" as the terms are defined and used in the FDCPA. Plaintiff is also a "consumer," "debtor" and "person" as the terms are defined and or used in the MCPA and MOC.

5. The Defendant to this lawsuit is EquityExperts.Org, LLC which is a Delaware company that maintains a registered agent in Southfield, Oakland County, Michigan.

## VENUE

6. The transactions and occurrences which give rise to this action occurred in Oakland County, Michigan.

7. Venue is proper in the Eastern District of Michigan, Southern Division.

## GENERAL ALLEGATIONS

8. Defendant is attempting to collect a consumer type debt allegedly owed by Plaintiff to Stonegate Pointe Association regarding her homeowner's association dues (the "Debt").

9. In late 2015, Mrs. Adams-Robinson fell behind on making her payments to her homeowner's association and she was about $170.00 behind. Her monthly dues were $35.00 a month.

10. In February 2016, Mrs. Adams-Robinson first spoke with Defendant regarding the alleged Debt, and Plaintiff made a payment to Defendant during in or around February or March 2016.

11. On or about November 10, 2016, Mrs. Adams-Robinson received a Statement from Defendant. In this Statement, Defendant failed to identify itself as a debt collector. This showed her account was opened with a balance of $170.00, but that she owed Defendant $3,375.00. This Statement showed the below excessive charges:

    a. $270.00 charged for an "Account Setup Fee/Dunning letter;"

    b. Defendant charged Plaintiff $25.00 each month for a late fee between the month of March 2016 through November 2016;

    c. $395.00 charged for a "Lien Recording and Discharge" package, which includes charges for future services which may or may be rendered;

    d. $350.00 charged for an "Escalated Outreach Service;"

    e. Multiple miscellaneous charges of $100.00 each for "Escalated Outreach Service" fees and "Post Outreach Lien Enforcement" fees; and

    f. $650.00 charged for a "Post Outreach Lien Enforcement" fees.

12. As a result of Defendant's actions, Mrs. Adams-Robinson has suffered damages.

## COUNT I - FAIR DEBT COLLECTION PRACTICES ACT

13. Plaintiff reincorporates the preceding allegations by reference.

14. At all relevant times Defendant, in the ordinary course of its business, regularly engaged in the practice of collecting debts on behalf of other individuals or entities.

15. Plaintiff is a "consumer" for purposes of the FDCPA and the account at issue in this case is a "debt" under the FDCPA.

16. Defendant is a "debt collector" under the FDCPA.

17. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the FDCPA:

    a. 15 U.S.C. §1692 e(2)(A) by misrepresenting the character, amount, or legal status of any debt. Defendant misrepresented the amount of the alleged Debt when it charged Mrs. Adams-Robinson future fees for both a Lien Recording and Discharge Fee. Further, Defendant

    misrepresented the amount of the alleged Debt when it charged Mrs. Adams-Robinson excessive fees;

    b. 15 U.S.C. §1692e(10) by using false representations or deceptive means to collect or attempt to collect any debt. Defendant did this when it charged Mrs. Adams-Robinson for both a Lien Recording and Discharge Fee. Also Defendant violated this section of the Act when it charged Mrs. Adams-Robinson excessive fees;

    c. 15 U.S.C. §1692e(11) by failing to disclose in subsequent communications that the communications are from a debt collector. Defendant violated this section of the Act when it failed to identify itself a debt collector in the Statement it sent Mrs. Adams-Robinson; and

    d. 15 U.S.C. §1692f(1) by collecting any amount not permitted by law. Defendant violated this section of the Act when it attempted to collect excessive charges and charged Mrs. Adams-Robinson for both a Lien Recording and Discharge Fee.

18. Plaintiff has suffered economic, emotional, general and statutory damages as a result of these violations of the FDCPA, plus has incurred costs and attorneys' fees.

## COUNT II - VIOLATION OF THE MICHIGAN OCCUPATIONAL CODE

19. Plaintiff incorporates the preceding allegations by reference.

20. Defendant is a "collection agency" as that term is defined in the Michigan Occupational Code ("MOC"), M.C.L. § 339.901(b).

21. Plaintiff is a debtor as that term is defined in M.C.L. § 339.901(f).

22. Defendant's foregoing acts in attempting to collect this alleged debt violated the following provisions of the MOC:

    a. MCL §339.915(e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. Defendant violated this section of the Act when it charged Mrs. Adams-Robinson future fees for both a Lien Recording and Discharge Fee. Further, Defendant did this when it charged Mrs. Adams-Robinson excessive fees; and

    b. MCL §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee.

23. Plaintiff has suffered damages as a result of these violations of the Michigan Occupational Code.

24. These violations of the Michigan Occupational Code were willful.

# COUNT III - VIOLATION OF THE MICHIGAN COLLECTION PRACTICES ACT

25. Plaintiff incorporates the preceding allegations by reference.

26. Defendant is a "Regulated Person" as that term is defined in the Michigan Collection Practices Act ("MCPA"), at MCL § 445.251.

27. Plaintiff is a "Consumer" as that term is defined at MCL § 445.251.

28. Defendant's foregoing acts in attempting to collect this debt violated the following provisions of the MCPA:

   a. MCL §445.252 (e) by making an inaccurate, misleading, untrue, or deceptive statement or claim in a communication to collect a debt. Defendant violated this section of the Act when it charged Mrs. Adams-Robinson future fees for both a Lien Recording and Discharge Fee. Further, Defendant violated this section of the Act when it charged Mrs. Adams-Robinson excessive fees; and

   b. MCL §445.252(q) by failing to implement a procedure designed to prevent a violation by an employee.

29. Plaintiff has suffered damages as a result of these violations of the MCPA.

30. These violations of the MCPA were willful.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury in this action.

## DEMAND FOR JUDGMENT FOR RELIEF

Accordingly, Plaintiff requests that the Court grant her the following relief against the Defendant:

a. Actual damages.

b. Statutory damages.

c. Treble damages.

d. Statutory costs and attorney fees.

Respectfully submitted,

/s/ Gary Nitzkin
GARY D. NITZKIN (P41155)
TRAVIS SHACKELFORD (P68710)
MICHIGAN CONSUMER CREDIT LAWYERS
Attorneys for Plaintiff
22142 West Nine Mile Road
Southfield, MI 48033
(248) 353-2882
Fax (248) 353-4840
Email – gary@micreditlawyer.com

Dated: February 2, 2017